# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY L. WEIR,<br>Inmate No. 12548161<br><br>                                  Plaintiff,<br><br>vs.<br><br>ROBERT M. SZUMOWSKI, Judge; KERRY WELLS, Judge; CHARLES R. GILL, Judge; FREDERIC McGUIRE, Judge; BRENDEN McHUGH, Deputy District Attorney; EUKETA OLIVER, Public Defender; WILLIAM STEARNS; Supervising Public Defender; WILLIAM STRALKA, Trial Counsel,<br><br>                                  Defendants. | Civil No. 13cv1021 GPC (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915(a)(1)** |

On April 16, 2013, Plaintiff, who is committed under the custody of the Department of Mental Health at Atascadero State Hospital, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California. (ECF No. 1.) Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) On April 30, 2013, United States Magistrate Judge Elizabeth Laporte determined that the majority of Plaintiff's claims arose in San Diego and therefore, transferred the action to the Southern District of California. (ECF No. 4.)

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Here, The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1) and S.D. CAL. CIVLR 3.2. Based upon this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. Because Plaintiff is a committee and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court will waive the initial civil filing fee. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

defect." *Lopez*, 203 F.3d at 1130-31.

First, to the extent that Plaintiff is seeking money damages based on rulings made by San Diego Superior Court Judges, these Defendants are absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as Superior Court Judges for the State of California, these Defendants have absolute immunity from civil proceedings relating to these actions, which were performed within their judicial discretion.

Second, Plaintiff's claims for money damages also challenge the validity of his criminal conviction. In order to recover damages for an allegedly unconstitutional conviction, Plaintiff must show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim for damages challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).  An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction.  *Edwards*, 520 U.S. at 649.

Here, Plaintiff's claims of "false imprisonment" will "necessarily imply the invalidity" of his criminal conviction.  *Heck*, 512 U.S. at 487.  Accordingly, because Plaintiff seeks damages for an allegedly unconstitutional criminal conviction and because he has not alleged that his conviction has already been invalidated, a claim for damages has not yet accrued.  *See Heck*, 512 U.S. at 489-90.

Finally, Plaintiff alleges that the Deputy Public Defenders who represented him in his criminal proceedings failed to provide him with adequate legal representation.  However, a person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Attorneys appointed to represent defendants during trial and pretrial proceedings, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed."  *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

/ / /

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2).

3. Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this matter will remain dismissed.

4. The Clerk of Court is directed to mail Plaintiff a copy of a Court approved § 1983 civil rights complaint.

**IT IS SO ORDERED.**

DATED: May 13, 2013

HON. GONZALO P. CURIEL
United States District Judge