**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZACHARY L. WEIR,<br>Inmate No. 12548161,<br><br>                              Plaintiff,<br><br>      vs.<br><br>ROBERT M. SZUMOWSKI, Judge; KERRY WELLS, Judge; CHARLES R. GILL, Judge; FREDERIC McGUIRE, Judge; BRENDEN McHUGH, Deputy District Attorney; EUKETA OLIVER, Public Defender; WILLIAM STEARNS, Supervising Public Defender; WILLIAM STRALKA, Trial Counsel,<br><br>                              Defendants. | Civil No.   13cv1021 GPC (MDD)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

**I.**

**PROCEDURAL HISTORY**

On April 16, 2013, Zachary Weir ("Plaintiff"), an inmate currently housed at Atascadero State Hospital located in Atascadero, California, filed this civil action in the Northern District of California. (ECF No. 1.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) On April 30, 2013, United States Magistrate

Judge Elizabeth Laporte determined that the majority of Plaintiff's claims arose in San Diego and therefore, transferred the action to the Southern District of California. (ECF No. 4.)

This Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for seeking monetary damages against immune defendants and for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. (ECF No. 7.) On June 12, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.) In his First Amended Complaint, Plaintiff no longer names Robert Szumowski, Kerry Wells, Charles Gill, Frederic McGuire, Euketa Oliver, Williams Stearns or William Stralka as Defendants. Thus, the Court finds that Plaintiff has waived his claims against them and DISMISSES these Defendants from this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

First, the Court finds that the entirety of Plaintiff's First Amended Complaint contains challenges to either his pending criminal matter or his past criminal conviction. "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*

*v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, Plaintiff's § 1983 action may be "barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, some of Plaintiff's claims, particularly those alleging a "malicious" prosecution, may "necessarily imply the invalidity" of his confinement or its duration. *Heck*, 512 U.S. at 487; *Wilkinson*, 544 U.S. at 82. In creating a favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. Thus, to the extent Plaintiff challenges the constitutional validity of an outstanding conviction or sentence, to satisfy *Heck's* "favorable termination" rule, he must allege facts which show that the "malicious prosecution" which forms the basis of his § 1983 suit has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff has alleged no facts sufficient to satisfy *Heck*. Thus, any claims pertaining to the legality of his criminal proceedings may be barred by *Heck*. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him).

Moreover, to the extent Plaintiff also names San Diego Deputy District Attorney Brenden McHugh for instituting a "malicious prosecution" against him, his First Amended Complaint must be dismissed. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500

U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman*, 793 F.2d at 1075. Thus, Plaintiff's claims against this Defendant are dismissed for seeking monetary relief against defendants who are immune from such relief.

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b). In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

**IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED: September 18, 2013

HON. GONZALO P. CURIEL
United States District Judge